IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ROBERT GOMEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 07-0136-CV-W-NKL-P |
| ) | Crim. No. 02-00114-01-CR-W-NKL |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |
| ) | |

ORDER

Pending before the Court is Robert Gomez's Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255 [Doc. # 2]. For the reasons set forth below, the motion is denied.

**I.      Background**

On June 6, 2003, a jury found Robert Gomez guilty of defrauding people by selling them cars that did not exist. At sentencing, the Court increased Gomez's sentence because of the number of victims affected by the fraud and the intended loss. Gomez did not object to these enhancements on the ground that a jury, not a judge, must find sentencing enhancement factors beyond a reasonable doubt.

On December 30, 2003, Gomez filed a notice of appeal in which he claimed that the Court violated his Sixth Amendment rights at sentencing by following the Federal

1

Sentencing Guidelines and enhancing his sentence based on judicial fact finding. On August 5, 2005, the Eighth Circuit rejected Gomez's arguments and affirmed his conviction. *United States v. Nichols,* 416 F.3d 811 (8th Cir. 2005), *cert. denied*, 126 S. Ct. 1807 (2006).

## II.     Discussion

In his motion, Gomez requests an evidentiary hearing on the grounds that this Court's use of the Sentencing Guidelines violated his Fifth Amendment Due Process rights and, similarly, his Sixth Amendment right to have all sentencing facts found by a jury beyond a reasonable doubt. Gomez seeks to apply *United States v. Booker*, 543 U.S. 220 (2005), in support of these arguments.

### A.     Evidentiary Hearing

Unless the record "conclusively shows" that he is not entitled to relief, Gomez is entitled to an evidentiary hearing on his § 2255 motion. *See United States v. Regenos*, 405 F.3d 691, 694 (8th Cir. 2005). It is clear on the face of this record, that Gomez is not entitled to relief; therefore, no evidentiary hearing is needed.

### B.     Claims Previously Raised on Appeal

28 U.S.C. § 2255 is not a substitute for a direct appeal. *See e.g.*, *United States v. Frady*, 456 U.S. 152, 165 (1982). "It is well settled that claims which were raised and decided on direct appeal cannot be re-litigated on a motion to vacate pursuant to 28 U.S.C. § 2255." *United States v. Shabazz*, 657 F.2d 189, 190 (8th Cir. 1981).

On appeal, Gomez claimed that this Court incorrectly applied the Federal Sentencing Guidelines to calculate the intended loss and violated *United States v. Booker*, 543 U.S. 220 (2005), by enhancing his sentence based on judicial fact finding. The Eighth Circuit rejected all of Gomez's challenges and upheld this Court's sentence. *See Nichols*, 416 F.3d at 819-2. After careful review, the circuit court was "not left with a definite and firm conviction that the district court erred in calculating a total loss over $20,000,000." *Id.* at 821. It also found no plain error that would justify a new sentencing hearing pursuant to *United States v. Booker*. Because these issues were previously raised on appeal, they cannot be relitigated in this § 2255 proceeding. *Shabazz*, 657 F.2d at 190.

### C. Claims Not Raised on Appeal

In his § 2255 Motion, Gomez raises two additional claims which were not included in his direct appeal. He objects to this Court's guideline calculation because it included an enhancement for Gomez's role in the offense and for the number of his victims. Unless Gomez can establish cause for his default and prejudice resulting from the errors complained of, his failure to raise these issues on direct appeal prevents him from raising them in a § 2255 motion. *See Frady*, 456 U.S. at 167-68. He has not established cause and prejudice. Therefore, his § 2255 motion must be denied as to these issues as well.

### III. Conclusion

Accordingly, it is hereby

ORDERED that Petitioner's Motions to Vacate Sentence under 28 U.S.C. § 2255 [Doc. # 2] is DENIED.

s/ Nanette K. Laughrey
                                            NANETTE K. LAUGHREY
                                            United States District Judge

Dated: June 7, 2007
Jefferson City, Missouri